UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| SANDRA F. GRUSETH, | ) | CIV. 11-4050-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER GRANTING MOTION FOR |
| MICHAEL J. ASTRUE, Commissioner | ) | ATTORNEY'S FEES |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Sandra F. Gruseth, moved for reversal of the Commissioner of

Social Security's decision denying her application for social security disability

insurance under Title II of the Social Security Act and payment of attendant

Medicare benefits under Title XVIII. On June 7, 2012, the court reversed and

remanded the Commissioner's decision denying benefits. Gruseth now seeks an

award of $11,821.95 in attorney's fees, $709.32 in expenses for sales tax and

$350 in costs pursuant to the Equal Access to Justice Act. The Commissioner

objects to the motion. The court grants Gruseth's motion for attorney's fees.

I.      **Substantially Justified**

Under the Equal Access to Justice Act, the prevailing party in a proceeding

for judicial review of federal agency action is entitled to legal fees and costs

"unless the court finds that the position of the United States was substantially

justified or that special circumstances make an award unjust." 28 U.S.C.

§ 2412(d)(1)(A). In this context, "substantially justified" means "justified to a

degree that could satisfy a reasonable person" or having a "reasonable basis in law and fact." *Koss v. Sullivan*, 982 F.2d 1226, 1229 (8th Cir. 1993) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). The standard is whether the Commissioner's position is well founded in law and fact, "solid though not necessarily correct." *Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003). The government bears the burden of proving that the denial of benefits was substantially justified. *Id.* (citing *Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991)).

"[T]he most powerful indicator of the reasonableness of the government's position is the rationale of the court's majority opinion in the first appeal." *Lauer*, 321 F.3d at 765. This court's June 7, 2012, opinion provided several reasons why the ALJ's decision to deny benefits was unfounded in law and fact. Docket 22.  In summary, the court found that the ALJ failed to consider the opinion letters from Gruseth's long-time treating obstetrician-gynecologist, Dr. Russell Orr; failed to state whether he was accepting or rejecting this relevant evidence; failed to properly develop the medical evidence including seeking further explanation from Dr. Orr; failed to give Dr. Orr's opinion controlling weight or articulate why it is not entitled to controlling weight; failed to consider whether Gruseth's severe sigmoid stenosis singly or in combination with her other impairments is severe; and failed to properly evaluate Gruseth's credibility in light of Dr. Orr's opinion.

In light of the foregoing, neither the ALJ's nor the Commissioner's position in this case was well founded in law and fact. *See Lauer*, 321 F.3d at 764. Accordingly, the government's position was not substantially justified, and Gruseth is entitled to attorney's fees pursuant to 28 U.S.C. § 2412(d)(1)(A).

## II.    Number of Hours Expended

The Commissioner objects to the number of hours billed by Gruseth's attorney. "The most useful starting point for determining the amount of a reasonable fee is the number of hours *reasonably expended* on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (emphasis added). Here, the government does not dispute the attorney's hourly rate of $173.75. Instead, the government disputes the number of hours the attorney claims were expended, namely 68.04 hours.

In defending the number of hours she claims, Gruseth's attorney made several observations the court finds relevant. The attorney has represented over 2,500 clients in social security cases over the past 32 years. Docket 25 at 4. Gruseth's medical records spanned a 40-year time period. Medical research was required to discover diagnostic practice and technology 30 years ago. Gruseth's case was not typical and the 68.04 hours spent by Gruseth's attorney were a reasonable expenditure of time. Thus, the full award of attorney's fees and sales tax as requested are approved.

Because the filing fee of $350 was waived by the court, it will not be taxed as a cost.

Accordingly, it is

ORDERED that Gruseth's motion for attorney's fees, expenses, and costs (Docket 25) is granted. Gruseth is awarded $11,821.95 in attorney fees and the expense of $709.32 representing 6 percent state and local sales tax on the attorney fees pursuant to the Equal Access to Justice Act.

IT IS FURTHER ORDERED that if it is determined upon effectuation of the court's EAJA fee order that plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program and the Commissioner agrees to waive the requirements of the Anti-Assignment Act, the fees will be made payable to plaintiff's attorney. If there is a debt owed under the Treasury Offset Program and as a result the Commissioner does not agree to waive the requirements of the Anti-Assignment Act, the remaining fee after offset will be paid by a check made out to plaintiff but delivered to plaintiff's attorney.

Dated November 5, 2012.

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE